UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DEMAURO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 98 C 8318 |
| v. ) | |
| ) | Judge Gottschall |
| BETTY LOREN-MALTESE; TOWN OF ) | |
| CICERO; LOUIS GUIDO; MERRICK ) | |
| SCOTT RAYLE; LEONARD RUTKA; ) | |
| and TOWN OF CICERO BOARD OF ) | |
| FIRE, POLICE AND PUBLIC ) | |
| SAFETY COMMISSIONERS, ) | |
| ) | |
| Defendants. ) | |

**BETTY LOREN-MALTESE'S RESPONSE TO
PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Betty Loren-Maltese, by her attorney, Keith L. Hunt of Hunt & Associates, P.C., responds to Plaintiff's Rule 59 Motion to Alter or Amend the Judgment and in support states:

**I.
PLAINTIFF SHOULD BE DENIED REINSTATEMENT**

Although this argument is not directed toward Betty Loren-Maltese specifically, Loren-Maltese adopts and incorporates by reference the arguments made by the Town of Cicero.

**II.
PLAINTIFF IS NOT ENTITLED TO PREJUDGMENT INTEREST**

Plaintiff is not entitled to an award of prejudgment interest with respect to backpay, attorneys fees incurred at the Board of Fire and Police Commission or with

respect to emotional distress damages. As set forth below, Plaintiff is not entitled to prejudgment interest on any of these items.

While it is true as a general rule that prejudgment interest is generally to be awarded as a matter of course in civil rights cases, awards of prejudgment interest are only made on backpay awards and other past expenses (out of pocket) where the amounts are "readily determinable." *Williamson v. Handy Button Mach. Co*, 817 F.2d 1297 (7th Cir. 1987); *Daniels v. Pipefitters' Assn. Loc. Union No. 597*, 945 F.2d 906 (7th Cir. 1991); *Place v. Abbott Laboratories, Inc.*, 1999 U.S. Dist. LEXIS 119900 (N.D. Ill. July 30, 1999). Damages for emotional distress, however, are never subject to award of prejudgment interest. *Daniels* at 924-925. The critical inquiry is whether the backpay or other past expense amounts is "readily determinable." Where the Court must speculate about the jury's damage calculation, or the amount of a particular element of damage awarded, the Court should not award prejudgment interest. *Daniels*, 945 F.2d at 924-925.

In this case, the jury returned a general verdict of $250,000. Plaintiff put in evidence of backpay, attorneys fees incurred during the Board of Fire and Police Commissioners proceedings and emotional distress damages. Because Plaintiff failed tendered an itemized verdict form, and the jury rendered a general verdict. It is impossible to determine which of the proffered items of damage the jury awarded. Did the jury award $250,000 in compensatory damages? Or did the jury award $250,000 in backpay damages? Or was it some unknown combination of the two? Did the jury award any money as compensation for attorneys fees incurred at the Board of Fire and Police Commission? Did the jury adopt Plaintiff's proposed damage calculation or come

up with one of their own? No one knows the answer to these questions and it is impermissible for this Court to speculate.

To be sure the jury did not adopt Plaintiff's damage calculation. Plaintiff sought $157,134.86 in the Final Pretrial Order. At trial, Plaintiff sought approximately $168,000 in backpay, together with $9,453.17 in attorney's fees and more than $300,000 in emotional distress damages. Obviously the jury came to a different calculation.

Plaintiff would argue that all of the backpay sought was actually awarded, as was the out-of-pocket attorneys fees with the remaining balance being attributed to emotional distress damages. That approach has been specifically rejected by the Seventh Circuit. *See Daniels*. It is hard to believe that the jury calculated emotional distress down to the penny: $83,111.29.

In *Daniels*, the Plaintiff made precisely the same argument as DeMauro makes here. Namely, that the jury must have awarded the damages which Plaintiff sought through argument and in the evidence. The Seventh Circuit rejected that proposition noting:

> Here the jury returned a general verdict that awarded $181,063.50 in compensatory damages. Some portion of this award comprised backpay, while the rest compensated Daniels for his emotional distress. As suggested in *Williamson v. Handy Button*, where the district judge determines that it was too hard to figure out what the jury awarded as backpay, a civil rights plaintiff may not be entitled to prejudgment interest. 817 F.2d at 1299. Because the jury awarded a general verdict in Daniel's favor, the District Court had no way of reading the minds of the deliberating jurors to determine how they arrived at the final, comprehensive amount. As the district judge noted, the award of compensatory damages for emotional distress is highly subjective and the jurors may well have rested the lion's of its award on this aspect of the award. *See Hunter v. Allis-Chalmers*, 797 F.2d at 1425.

3

> Plaintiff attempts to convince us that the amount of backpay is readily ascertainable, by presenting his own calculation of wage loss which incidentally is slightly less than the amount originally claimed by Plaintiff--$109,000. However, it was within the province of the jury to determine the amount of compensatory damages and to include the amount of backpay it believed was due to Plaintiff in its award.

*Daniels* at 924-925. The *Daniels* Court then went on to hold:

> When a plaintiff presents a district judge with a claim for prejudgment interest, he must have some basis on which to conclude that backpay accounts for some minimum amount of the compensatory damage award. Because the district judge had no means to parse the elements of the general verdict, prejudgment interest must be denied.

*Daniels* at 925.

Similarly, in *Williamson v. Handy Button*, the Seventh Circuit noted:

> There is one other reason why prejudgment interest may be denied--because "the amount of backpay is not readily determinable." *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1446 (9th Cir. 1984). Interest is not available on lost future wages and pension; the time value of money is taken into account when these are discounted to present value. Only backpay and expenses incurred in the past may be augmented by prejudgment interest. Yet Williamson proposed a verdict form that lumped past and future wages together. The judge used the form Williamson proposed, and the jury returned a verdict that does not distinguish past and future sources of loss.

*Williamson* at 1298.

In contrast, the District Court in *Place*, allowed an award of prejudgment interest on the backpay portion of the jury award but only where the jury separated its award of backpay from its award of compensatory damages. *Place v. Abbott Laboratories, Inc.*, 1999 U.S. District LEXIS 11900 (N.D. Ill. July 30, 1999). The critical element is the verdict form.

4

In this case, Plaintiff chose a general verdict form. As such, it is impossible to determine whether the jury awarded any backpay damages or whether it awarded the entire amount as emotional distress. Did the jury award $50,000 in backpay and $200,000 in emotional distress? Or did the jury award $150,000 in backpay and $100,000 in emotional distress damages? Or perhaps it was something in between. Did the jury award any attorneys fees? Or as Plaintiff suggests, did the jury award lost wages of $157,735.54--which was less than the backpay that Plaintiff sought at the time of trial. Defendants respectfully submit the Trial transcript is devoid of any reference to a $157,735.54 figure--as Plaintiff alleges. And even if they had, it is impossible to know what the jury actually did. Since the Seventh Circuit has specifically rejected the Plaintiff's approach--of either guessing or supplying the jury's rationale from the Plaintiff's calculation, this Court has no alternative but to deny the Plaintiff's request for prejudgment interest.

### III.
### CONCLUSION

WHREFORE, for the foregoing reasons, Defendant Betty Loren-Maltese respectfully requests that reinstatement be denied and that the Court decline to award any prejudgment interest for the reasons stated herein.

Respectfully submitted,

By: /s/ Keith L. Hunt (electronically filed)
Keith L. Hunt, An Attorney for Defendants

Keith L. Hunt
Hunt & Associates, PC
70 West Madison

5

Suite 2100
Chicago, Illinois 60602
(312) 558-1300
khunt@huntasslcoaw.com

**CERTIFICATE OF SERVICE**

    I, Keith Hunt, certify that I caused a copy of the foregoing Betty Loren-Maltese's Response to Plaintiff's Motion to Alter or Amend Judgment was filed and served electronically through the Court's CM/ECF Electronic Filing System and associated e-mail system on all counsel of record on January 18, 2007.

                                      By: <u>*/s/* Keith L. Hunt *electronically filed*</u>
                                              Keith L. Hunt