**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH DeMAURO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 98 C 8318 |
| ) | The Honorable Joan B. Gottschall |
| ) | |
| BETTY LOREN-MALTESE, and ) | |
| THE TOWN OF CICERO, ) | |
| ) | |
| Defendants. ) | |

**THE TOWN OF CICERO'S RESPONSE TO
PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Defendant, the Town of Cicero ("the Town"), by its attorneys, George S. Spataro and K. Austin Zimmer of Giglio & Del Galdo, LLP, in response to Plaintiff's Motion to Alter or Amend Judgment ("Plaintiff's Motion") states the following:

**INTRODUCTION**

Plaintiff's Motion requests that this Court alter or amend the judgment awarded Plaintiff, Joseph Demauro ("Demauro"). Specifically, Demauro requests that this Court enter an injunctive Order reinstating Demauro as a Cicero Police Officer. Furthermore, Demauro request this Court to grant him prejudgment interest on a variety of fees and expenses. The Town objects to both Demauro's reinstatement and the award of prejudgment interest.

**DEMAURO'S REINSTATEMENT IS NOT APPROPRIATE BECAUSE IT
WOULD CREATE FRICTION AND HOSTILITY**

The decision whether to reinstate an employee is left to the sound discretion of the court. *Tennes v Commonwealth*, 944 F.2d 372 (7th Cir. 1991). The court is required to

consider several factors to determine whether reinstate is appropriate, including: 1) whether reinstatement would cause hostility; 2) whether a position is available; and 3) whether there is dissatisfaction with the employee's job performance. *McKnight v. General Motors Corp.,* 973 F.2d 1366, 1370 (7th Cir. 1992); *Coston v. Plitt Theaters, Inc.,* 831 F.2d 1321, 1330 (7th Cir. 1987).

In this case, reinstatement is not appropriate. The evidence presented at trial clearly demonstrated that Demauro lied to his supervisor, Leonard Rutka, the Deputy Superintendent of the Cicero Police Department. Although, the Town of Cicero no longer employs Rutka, current management of the Town of Cicero Police Department is familiar with Demauro's past employment with the Town of Cicero. The current Superintendent of the Cicero Police Department, Anthony Iniquez, vehemently objects to DeMauro's reinstatement.[1] As explained in his affidavit, Iniquez has no confidence in Demauro's professionalism or his competence.

Clearly, if Demauro were reinstated it would create hostility and cause problems in the Cicero Police Department. Furthermore, this hostility is not related to the instant litigation between the parties, but to the fact that the Superintendent does not have confidence in Demauro's ability to serve the public as a Cicero Police Officer. Therefore, because of Iniquez's lack of confidence in Demauro it is clear that the parties would lack a productive working relationship.

Furthermore, even if the Town wished to resume its working relationship with Demauro it would be impossible at this time. Despite Plaintiff's inaccurate assertions, there does not exist any current openings for Cicero Police Officers. Therefore, no position is available for Demauro.

---

[1] See attached Affidavit of Anthony Iniquez.

Lastly, the Cicero Police Department was and still is dissatisfied with Demauro's past job performance. Demauro had a reputation as a "jokester" and as a "sloppy" officer. Furthermore, as demonstrated at trial, several citizen complaints were brought against Demauro when the Town previously employed him. Also, it was proven at trial, Demauro lied to his superior officer and failed to pass the Firefighter II test that was required. Cumulatively, the aforementioned matters clearly demonstrate that the Town had valid reasons to be dissatisfied with Demauro's past job performance.

For all the aforementioned reasons, Demauro's reinstatement would be grossly inappropriate. There is no reason to believe that the Town and Demauro would have a productive working relationship. Demauro's reinstatement would result in undue friction and controversy in the Cicero Police Department.

**PREJUDGMENT INTEREST ON DEMAURO'S LOST WAGES MUST BE DENIED BECAUSE THE AMOUNT THAT THE JURY AWARDED IS NOT READILY ASCERTAINABLE**

In this case, the jury returned a general verdict for Demauro and awarded him $250,000 in compensatory damages. Because a general verdict form was used it is unclear which portion of the jury's verdict comprised lost wages or backpay. Prejudgment interest on backpay is available only if the amount is "readily determinable." *Williamson v. Handy Button,* 817 F.2d 1290, 1297 (7th Cir. 1997).

In this case, the amount of backpay is not readily determinable. As articulated in *Daniels v. Pipefitters' Assoc. Local Union No. 597*, 945 F.2d 906, 925 (7th Cir, 1991), a court "has no means to parse the elements of the general verdict" rendered by a jury. In *Daniels*, the jury returned a general verdict that awarded $181,063.50 in compensatory damages for backpay and emotional distress. *Id.* at 924-25. In that case, the Seventh

3

Circuit upheld the district court's denial of prejudgment interest on backpay because it was too hard to figure out what the jury awarded in backpay because of the use of the general verdict. Similarly, Demauro's reliance on the general verdict presents the same problems for this Court. There is no readily ascertainable way for this Court to determine the amount the jury awarded for backpay. Accordingly, prejudgment interest on backpay should not be awarded.

### PREJUDGMENT INTEREST ON DEMAURO'S ATTORNEYS' FEES FROM THE BOARD PROCEEDINGS MUST BE DENIED BECAUSE THE AMOUNT THAT THE JURY AWARDED IS NOT READILY ASCERTAINABLE

For the reasons stated above, the amount that the jury awarded Demauro for his attorneys' fees and expenses arising from the Board Proceedings is not readily ascertainable. Therefore, prejudgment interest on those monies must be denied.

### PREJUDGMENT INTEREST ON DEMAURO'S EMOTIONAL DAMAGES MUST BE DENIED BECAUSE THE AMOUNT THAT THE JURY AWARDED IS NOT READILY ASCERTAINABLE

In this cases, it is also not apparent the amount that the jury awarded Demauro for his emotional damages. Regardless, prejudgment interest on emotional damages is not appropriate. In *Daniels*, the Seventh Circuit upheld the lower court's decision to deny prejudgment interest for backpay because it was unable to determine from the general verdict form which portion of the jury's award was for backpay and which was for emotional damages. *Id.* at 924-25. By ruling in that fashion, the Court demonstrated that prejudgment interest on readily ascertainable backpay was appropriate, but prejudgment interest on emotional damages was not appropriate. Therefore, it would be inappropriate for this Court to award backpay on emotional damages.

4

Respectfully submitted,

Giglio & Del Galdo, LLP

By: <u>s/*K. Austin Zimmer*</u>
     K. Austin Zimmer, Esq.

K. Austin Zimmer, Esq. #6276227
George S. Spataro, Esq. #3126416
Giglio & Del Galdo, LLP.
10526 W. Cermak Road, Suite 300
Westchester, Il 60154
(708) 531-8800